UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LAROSS PARTNERS, LLC,

                      Plaintiff,                    **ORDER**
                                                                 CV 11-1980 (ADS)(ARL)

      -against-

CONTACT 911, INC., et al.,

                      Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter motion dated April 2, 2014, requesting: (1) that defendants be ordered to produce documentation of the banking transactions identified in the schedules annexed to the March 21, 2004 letter, viz. for all transactions in excess of $7000.00, on or before April 11, 2014; (2) that the deadline to complete discovery be extended to April 25, 2014, with Mr. Spiridellis' examination conducted during the week of April 28, 2014; and (3) that the dates set for in the March 11, 2014 Scheduling Order be extended for two addition weeks thereafter. Defendants oppose plaintiff's application by letter response dated April 7, 2014. Plaintiff's motion is denied.

      As an initial matter, it appears that counsel for plaintiff failed to meet and confer to discuss the issues raised on plaintiff's April 2, 2014 letter, and as such the parties are directed to meet and confer on the issues raised. Local Rule 37.3 and the undersigned's individual rules require the attorneys for the affected parties to confer in good faith in person or by telephone in an effort to resolve the dispute prior to seeking judicial interventions. In this regard, the court notes that at the conference held on March 11, 2014, the parties reported agreement on the precise issues they now raise. Plaintiff's counsel then advised the court that she would review the bank records and identify transfers and withdrawals as to which documentation would be needed. It was made clear to the court that while the defendants did not object to producing the backup, it was unlikely they possessed these records which covered a four-year period. The plaintiff was thus apprised and raised no objection to the possibility that it might become necessary to secure these records by subpoena. Accordingly, the parties are directed to meet and confer to discuss these issues in accordance to what was previously agreed to at the March 11, 2014 conference

Dated:  Central Islip, New York                    **SO ORDERED:**
         April 14, 2014

                                                                _____/s/_____
                                                                ARLENE R. LINDSAY
                                                                United States Magistrate Judge